# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

JOSEPH BEAUSOLEIL, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:10CV222–HEH
)
PETERBILT MOTORS )
COMPANY, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
### (Granting In Part and Denying In Part Defendant's Motion to Dismiss)

This is an action for breach of express and implied warranties against Caterpillar, Inc., brought by Joseph Beausoleil. This case is presently before the Court on Caterpillar's Motion to Dismiss Plaintiff's First Amended Complaint (Dk. No. 16), filed on May 6, 2010. Both parties have filed extensive memoranda of law supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant in part and deny in part Defendant's Motion to Dismiss.

## I. BACKGROUND

On or about November 3, 2006, Plaintiff Joseph Beausoleil ("Beausoleil") bought a 2006 Peterbilt 335 dump truck from Elliot-Wilson Capital Truck, LLC ("Elliot-Wilson"), located in Landover, Maryland. The truck was manufactured by PACCAR

Inc., d/b/a Peterbilt Motors Co. ("PACCAR")[1] and contained a Model C7 engine manufactured by Caterpillar, Inc. ("Caterpillar"). Along with the purchase of the truck, Beausoleil was issued an express warranty for the engine entitled Caterpillar Limited Warranty ("CLW").[2] In addition, Beausoleil claims that through the sale of the engine, Caterpillar created implied warranties of fitness for a particular purpose and merchantability.

Within the CLW, Caterpillar included several limiting provisions agreed upon by the parties. First, the CLW set forth Caterpillar's responsibilities under the warranty. In this provision, the CLW states:

> If a defect in material or workmanship is found during the warranty period, Caterpillar will, during normal working hours and through a place of business of a Caterpillar dealer or other source approved by Caterpillar:
>
> - Provide (at Caterpillar's choice) new, Remanufactured [sic] or Caterpillar approved repaired parts or assembled components needed to correct the defect
> - Replace lubricant oil, filters, coolant and other service items made unusable by the defect

---

[1] Although a party to the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 41(a)(1), this Court issued a Dismissal Order on May 28, 2010 and PACCAR was dismissed without prejudice from this action.

[2] The CLW is attached to Caterpillar's Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint. According to *Gasner v. County of Dinwiddie*, "[w]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." 162 F.R.D. 280, 282 (E.D. Va. 1995). Therefore, this Court may consider these documents in ruling upon Caterpillar's Motion to Dismiss because the documents are at issue and referenced in the Plaintiff's First Amended Complaint.

2

. . . .

> - For all other applications, provide reasonable or customary labor needed to correct the defect, including labor for removal and installation when necessary to make the repair . . . .

Second, the CLW in large, bold typeface limits the implied warranties available when it states:

> **THIS WARRANTY IS EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, EXCEPT CATERPILLAR EMISSION-RELATED COMPONENTS WARRANTIES FOR NEW ENGINES, WHERE APPLICABLE. REMEDIES UNDER THIS WARRANTY ARE LIMITED TO THE PROVISIONS OF MATERIAL AND SERVICES, AS SPECIFIED HEREIN. CATERPILLAR IS NOT RESPONSIBLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES.**

Approximately three years after the purchase of the truck, Beausoleil reported to Caterpillar and its authorized dealer that the engine had various defects and non-conformities.[3] These reported problems included engine failure, low oil level, a faulty oil OEM sensor, a leaking water pump, engine misfire, a faulty cylinder, faulty fuel injector, and faulty HUEI pump. Beausoleil claims these defects substantially impaired the use and value of the truck and engine. Furthermore, Beausoleil maintains that despite at least seven attempts to repair the alleged defects by Caterpillar or one of its agents, the vehicle

---

[3] Beausoleil's Opposition Brief only specifically lists August 12, 2008, and May 18, 2009, as the dates he reported to Caterpillar or its authorized dealer about the engine non-conformities.

3

could not be utilized for the purposes intended at the time of acquisition.[4]

On February 22, 2010, Caterpillar removed this action from the Circuit Court for the City of Richmond. On April 9, 2010, Beausoleil filed his First Amended Complaint (the "Complaint"), which contains two counts.[5] In Count Two, Beausoleil contends that the defects and non-conformities of the engine constituted a breach of contractual and statutory obligations by Caterpillar including: (1) an express warranty; (2) an implied warranty of merchantability; and (3) an implied warranty of fitness for a particular purpose. Beausoleil seeks the full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages, costs including expert witness fees and attorneys' fees, and other relief deemed proper.

On May 6, 2010, Caterpillar filed its Motion to Dismiss Plaintiff's First Amended Complaint.[6] In this Motion, Caterpillar asserts that the CLW excludes Plaintiff's claims for breach of implied warranties and expressly limits Beausoleil's remedies to repair of the engine. In addition, Caterpillar claims that Plaintiff has pled facts to support neither a right to attorneys' fees nor consequential damages. Plaintiff counters by arguing that

---

[4] Due to the Defendant's repeated attempts to repair his truck, Beausoleil also contends that he was without its use for over 30 days.

[5] This Court's May 28, 2010 Dismissal Order, removing PACCAR from the case, essentially dismissed Count One of the Complaint.

[6] Although the Complaint contends that the sale of the truck occurred in Maryland, the parties' 12(b)(6) briefs apply Virginia law. Thus, for the purposes of this Motion the Court will address the claims alleged under Virginia law.

4

because the exclusive warranty failed its essential purpose, other remedies under the UCC, as adopted by Virginia, become available.

## II. ANALYSIS

### A. Standard of Review

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), amplified the standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 [internal citation omitted]. Rather, a complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the

5

defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In *Iqbal*, the Supreme Court observed that the time-honored tenet that a reviewing court must accept all of a complaint's allegations as true does not apply to legal conclusions. Therefore, the Court must initially distinguish between factual allegations, which the Court must assume as true, and mere legal conclusions offered as factual assertions. *Id.* at 1949-50. After parsing the well-pleaded facts from legal conclusions, the Court must then determine whether the Amended Complaint's factual allegations support a "plausible claim for relief." *Id.* at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief'" as required by Rule 8(a)(2). *Id.* [internal citations omitted].

B.  Express Warranty

Section 8.2-719(1)(a) of the Code of Virginia provides that in cases involving a breach of an expressed warranty, an agreement within the warranty "may provide for remedies in addition to or in substitution for those provided in this title." Va. Code § 8.2-719(1)(a). Therefore, the parties "may limit or alter the measure of damages recoverable under this title, as by limiting the buyer's remedies to return of the goods and repayment

of the price or to repair and replacement of nonconforming goods or parts." *Id.*

However, "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this act." Va. Code § 8.2-719(2). According to Official Comment 1, this means that "where an apparently fair and reasonable clause because of circumstances fails in its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions of this Article." Va. Code § 8.2-719 official comment 1 (2001).

Under the terms of the CLW, Caterpillar agreed to repair any defect in material or workmanship found within the engine sold to the buyer. In his Complaint, Beausoleil contends that Caterpillar breached its express warranty by failing to repair the engine's defects within a reasonable number of attempts or within a reasonable period of time. Specifically, Beausoleil claims that after a period of over 30 days and at least seven repair attempts by Caterpillar or its agent, the truck could not be utilized for the purposes intended by him at the time of acquisition. In its opposition brief, Caterpillar fails to address the "essential purpose" argument outside the consequential damages context.

Based on these allegations, this Court must find that Plaintiff states sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Iqbal*, 129 S. Ct. at 1949. Because Caterpillar's alleged delay in repair provides circumstances that could plausibly cause the remedy provision in the CLW to either fail in its "essential purpose" or to

operate to deprive Beausoleil of the substantial value of the bargain, the Defendant's Motion to Dismiss on the expressed warranty claim must be denied.

C. <u>Implied Warranties</u>

Section 8.2-316(4) of the Code of Virginia states that "[r]emedies for breach of warranty can be limited in accordance with the provisions of this title on liquidation or limitation of damages and on contractual modification of remedy (§§ 8.2-718 and 8.2-719)." Va. Code § 8.2-316(4). "To exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." Va. Code § 8.2-316. "A provision is deemed to be conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it." *Armco, Inc. v. New Horizon Dev. Co. of Va., Inc.*, 229 Va. 561, 565, 331 S.E.2d 456, 459 (1985) [internal citation omitted]. "For example, language contained in the body of an agreement is conspicuous if it is written in larger or other contrasting type or color." *Id.* at 565-66 [internal citation omitted].

Upon review of the applicable law, it is clear that the disclaimers contained in the CLW preclude Beausoleil's claims that Caterpillar breached the implied warranties of merchantability and fitness for a particular purpose. With respect to the implied warranty of merchantability, the written language of the CLW specifically mentions merchantability in the disclaimer. In addition, the CLW conspicuously uses large, bold

8

capital letters to exclude both the implied warranties of merchantability and fitness for a particular purpose. The exclusion comports with Section 8.2-316(4) because "a reasonable person against whom it is to operate ought to have noticed" the disclaimers in the CLW. This Court therefore finds that Beausoleil has failed to "state a claim to relief that is plausible on its face" for the implied warranties named in his Complaint. *Armco, Inc.*, 229 Va. at 565,; *Twombly*, 550 U.S. at 570. Accordingly, Caterpillar's Motion to Dismiss Plaintiff's claim based on implied warranties will be granted.

D.  Damages

   1. *Attorneys' Fees*

"Absent a specific contractual or statutory provision to the contrary, attorneys' fees are not recoverable by a prevailing litigant from the losing litigant." *Lee v. Mulford*, 269 Va. 562, 565, 611 S.E.2d 349, 350 (2005) [internal quotation omitted]. Within Plaintiff's Complaint, he demands relief in the form of reasonable attorneys' fees. However, as Caterpillar contends, the Complaint does not contain any allegations that establish either a contractual or statutory right to recover attorneys' fees from Caterpillar.[7] Therefore, Plaintiff's claim for attorneys' fees will be dismissed.

   2. *Consequential Damages*

According to Section 8.2-719(3) of the Code of Virginia, "[c]onsequential

---

[7] Although Section 8.1A-305 of the Code of Virginia requires a liberal administration of remedies, this Court will not interpret this section as a specific statutory provision for attorneys' fees.

9

damages may be limited or excluded unless the limitation or exclusion is unconscionable." Va. Code § 8.2-719(3). "A number of logical, sound reasons mandate why, without more, the failure of a limited remedy of repair should not invalidate a wholly distinct clause of the contract excluding recovery for consequential damages." *Envirotech Corp. v. Halco Eng'g, Inc.,* 234 Va. 583, 593, 364 S.E.2d 215, 220 (Va. 1988). First, the substantive content of the "essential purpose" section and the "consequential damages limitation" section of the statute are distinctly different. *Id.* Second, "unconscionability deals primarily with a grossly unequal bargaining power at the time the contract is formed . . . while failure of essential purpose relates to circumstances arising during performance of the agreement." *Id.* Third, where "experienced parties agree to allocate unknown or undeterminable risks, they should be held to their bargain; courts, or juries, should not be permitted to rewrite the agreement." *Id.*

Due to Caterpillar's alleged inability to repair the engine, Plaintiff contends that the essential purpose of the CLW remedies has failed. Thus, Beausoleil claims he is entitled to all of the remedies available under Article 2 of the UCC, including consequential damages. Conversely, Caterpillar interprets the law more narrowly, namely, when a limited remedy fails, the UCC does not authorize a buyer to seek consequential damages when otherwise excluded by agreement of the parties. Caterpillar contends that because a limitation of remedies is treated as both separate and distinct from

an exclusion of consequential damages under the UCC, Beausoleil is not entitled to the relief he seeks.

For the purposes of this Motion, this Court finds Caterpillar's argument persuasive. In the CLW, the parties agreed that "**CATERPILLAR IS NOT RESPONSIBLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES.**" Finding no evidence or allegation of unequal bargaining power at the time of the warranty's formation and treating the limitation of remedies as separate and distinct from the consequential damages provision, this Court sees no reason to invalidate the consequential damages exclusion. As a result, Plaintiff's demand for consequential damages in his Complaint will be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part the Defendant's Motion to Dismiss. The provisions in Defendant's Motion to Dismiss pertaining to the implied warranties of merchantability and fitness for a particular purpose are dismissed, along with the claims relating to attorneys' fees and consequential damages. Defendant's challenge to the CLW's express warranty claim is denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 10, 2010
Richmond, VA

11