IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOSEPH BEAUSOLEIL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PETERBILT MOTORS COMPANY, ) <br> ) <br> and ) <br> ) <br> CATERPILLAR INC., ) <br> ) <br> Defendants. ) | Case No: 3:10cv222 |

## CATERPILLAR INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Caterpillar Inc., ("Caterpillar"), by counsel, sets forth the following in support of its Motion for Summary Judgment:

## INTRODUCTION

This case arises out of Joseph Beausoleil's ("Plaintiff") purchase of a 2006 Peterbilt 335 dump truck ("the Truck"). The Court dismissed various portions of Plaintiff's Amended Complaint, leaving only Plaintiff's claim for breach of express warranty remaining for adjudication. Plaintiff alleges that the Vehicle was equipped with a Model C7 Caterpillar engine bearing serial number WAX17529 ("the Engine") which was covered by an express warranty offered by Caterpillar. The express warranty covenants only to provide all materials required to repair any defects in the Engine for a period of three years. Additionally, the express warranty provides all labor necessary to repair any defects for a period of two years.

1

Plaintiff alleges that he has experienced various problems with the Engine, and Plaintiff avers that such problems constitute a breach of Caterpillar's express warranty on the Engine. However, Plaintiff cannot prevail on his claim for at least three reasons.

- Plaintiff concedes that Caterpillar provided the labor and materials to fix any alleged problems with the Engine as promised under the express warranty, and he even testified at deposition that Caterpillar had not "really breached the warranty as far as fixing the truck." *Infra*

- Plaintiff has not identified any experts to testify as to the alleged defects in the Engine, whether such defects result from Caterpillar's manufacture of the Engine or from some other cause, and/or whether the Engine, which is currently in good working condition, is likely to experience any issues in the future. Without such expert testimony, Plaintiff cannot establish any breach of Caterpillar's express warranty.

- Plaintiff has not produced any evidence related to his claim for damages. In fact, Plaintiff did not even attempt to answer an Interrogatory directed solely toward his claim for damages. Absent any proof of damages, Plaintiff cannot recover.

Standing alone, each of these arguments would be sufficient to support summary judgment in Caterpillar's favor. Taken together, they are absolutely fatal to Plaintiff's case.

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiff purchased a 2006 Peterbilt 335 (VIN 2XPLHD7X6M664481) dump truck ("the Truck") on November 3, 2006. *Amended Complaint ("Am. Com."), ¶ 4.*

2. The Truck was equipped with a Model C7 engine manufactured by Caterpillar ("the Engine"). *Am. Com. ¶ 8.*

3. Caterpillar issued an express written warranty titled the "Caterpillar Limited Warranty" for the Engine ("the Warranty"). *Am. Com. ¶ 10;* A copy of the express written warranty is attached as Exhibit A.

4. The Warranty represented that the Engine would be "free from defects in material and workmanship" for a period of 36 months or 150,000 miles ("the Warranty period"). *Ex. A.*

Thus, the Warranty expired on November 3, 2009, three years after Plaintiff purchased the Truck.

5. The Warranty provided replacement parts for any defect discovered during the Warranty period, and it also provided "reasonable or customary labor needed to correct the defect, including labor for removal and installation when necessary to make the repair, limited to the first 24 months or 150,000 miles." *Id.*

6. As noted by the Court in granting in part Caterpillar's Motion to Dismiss and striking the Plaintiff's claims for consequential damages, the Warranty clearly and conspicuously disclaimed all other remedies. *Id.*

7. Plaintiff brought the Truck to a certified Caterpillar dealer on at least two different occasions during the Warranty period for repairs related to the Engine. *Am. Com. ¶ 14.*

8. Plaintiff had routine service and maintenance on the Truck performed by various individuals and/or entities, including non-certified Caterpillar mechanics and/or repair shops. *Exhibit B, Deposition Transcript of Joseph Beausoleil, ("Beausoleil Dep."), p. 37.*

9. Plaintiff did not actually incur any costs for parts or labor during the first two years of the warranty period. All materials and labor were paid for by Caterpillar pursuant to the terms of the Warranty. *Beausoleil Dep., pp. 26; 38-39.*

10. Plaintiff did not actually incur any costs for parts during the third year of the warranty period. All materials during the third year of the warranty period were paid for by Caterpillar pursuant to the terms of the Warranty. *Id.*

11. As of August 5, 2010, the date of Plaintiff's deposition, the Truck remained in good working condition. *Id.*

12. As of August 5, 2010, the date of Plaintiff's deposition, Plaintiff testified that he or an employee drives the Truck on a daily basis. *Id., p. 28.*

## STANDARD OF LAW FOR SUMMARY JUDGMENT

Summary judgment pursuant to Rule 56 is properly granted when there is no "genuine issue" as to a "material fact" in the case and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Phoenix Savings & Loan v. Aetna Casualty & Surety Co.,* 318 F.2d 245 (4th Cir. 1967). Summary judgment is not a "disfavored procedural shortcut, but rather . . . an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Catrett,* 477 U.S. at 327; *see also Fed. R. Civ. P. 1.* Indeed, "the trial judge has an 'affirmative obligation' to prevent 'factually unsupported claims and defenses from proceeding to trial.'" *Hudson v. The Kroger Co.,* 2007 U.S. Dist. Lexis 51941 (W.D. Va., 2007) (quoting *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987).

Summary judgment is appropriate where a party, "after adequate time for discovery and upon motion...fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Catrett,* 477 U.S. at 322. "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." *Francis v. Booz, Allen & Hamilton, Inc.,* 452 F.3d 299, 308 (4th Cir. 2006).

## ARGUMENT

I.   **Caterpillar Performed All Of Its Obligations Under the Warranty.**

Plaintiff alleged in the First Amended Complaint that he had experienced numerous problems with the Engine. However, he acknowledged at deposition that Caterpillar has lived up to its obligations under the Warranty to provide parts and labor to repair the Engine. Plaintiff testified:

> Q:   And during the first two years when you had the truck repaired, were you provided with the parts and labor pursuant to the terms of the warranty?
>
> A:   Uh-huh, yeah.
>
> Q:   And in the third year when you were entitled to parts, when you took it in for repair, were you given the parts pursuant to the terms of the warranty?
>
> A:   Yeah.

*Beausoleil Dep., p. 26.*

Plaintiff also acknowledged that the Truck is currently in good working condition, and that he or his employees drive the Truck on a daily basis. He testified:

> Q:   When did you last drive the truck?
>
> A:   Personally?
>
> Q:   Personally.
>
> A:   About a week ago.
>
> Q:   How about other drivers?
>
> A:   It's driven every day.

*Beausoleil Dep. p. 28.*

> Q:   You're still using the truck today?

> A: Yes.
>
> Q: Is there any problem with the truck as we sit here today?
>
> A: Not that I know.
>
> Q: The truck is in good working condition today?
>
> A: Uh-huh, yes.
>
> Q: Tell me, then, what Caterpillar has done to breach the terms of their expressed warranty on this engine.
>
> A: I'm sorry? Could you repeat that?
>
> Q: Tell me how Caterpillar has breached the terms of its expressed warranty on this engine.
>
> A: Well, they haven't really breached the warranty as far as fixing the truck, but I have the same issue with the truck repeatedly. That's the problem I'm having. I'm not having a problem with them. They fixed the truck. The truck is fixed. It just keeps repeatedly happening. That's why I'm here.

*Beausoleil Dep. pp. 39-40.*

By Plaintiff's own admission, Caterpillar fulfilled its obligations under the Warranty. Plaintiff does not dispute that Caterpillar provided – at no cost to Plaintiff – the parts and labor that it promised to provide in the event of a defect in the Engine during the warranty period. Caterpillar restored the Engine to proper working condition, and the Truck remains in use by Plaintiff today. Thus, Plaintiff cannot establish that Caterpillar has breached the Warranty, and his case should be dismissed with prejudice.

## II. Without Expert Testimony, Plaintiff Cannot Establish Any Defect in the Vehicle Which Would Constitute a Breach of Warranty.

Under the Court's Scheduling Order and Local Rule 26, Plaintiff's expert disclosures were due on July 12, 2010. Plaintiff acknowledged at deposition that he is not an expert in the repair of Caterpillar engines.[1] *Beausoleil Dep. p. 7*. To date, Plaintiff still has not identified any individuals expected to offer expert testimony, nor has Plaintiff produced any expert reports regarding purported defects in the Engine.

Thus, Plaintiff will not be able to produce any expert evidence (i) to establish the nature of any alleged defect in the Engine; (ii) to rule out other potential causes of Engine trouble beyond a design or manufacturing defect (such as misuse of the Truck or improper service and maintenance by non-authorized Caterpillar dealers); (iii) to testify as to whether further related repairs might be necessary in the future; or (iv) to calculate Plaintiff's alleged damages by assessing any decrease in the value of the Truck as a result of any alleged defect in the Engine.

Courts in the product liability context have regularly held that a plaintiff must present expert testimony in order to establish a prima facie case. For example, in *Sandow-Pajewski v. Busch Entertainment Corp.*, 55 F. Supp. 2d. 422 (E.D. Va. 1999), the Court granted summary judgment against a plaintiff who alleged that she received personal injuries when she was struck by a wheelchair on a ramp outside a building at an amusement park. The plaintiff alleged that the ramp was not well-designed because it did not provide sufficient room for wheelchairs to operate. The plaintiff did not disclose any expert testimony, choosing instead to rely on eyewitness accounts that the ramp did not appear large enough to accommodate wheelchairs. In granting summary judgment for the defendant, the Court cited ample authority and held that:

---

[1] Even if he were qualified to offer expert testimony, Plaintiff would be required under the rules to disclose his expert opinions so that Caterpillar might fairly rebut such testimony.

7

> **In order to show that there was a defect in the design of the ramp ...plaintiffs would have to provide expert testimony to support their claim.** *See Kesler v. Crown Equip. Corp.*, 1994 U.S. Dist. LEXIS 20126, No. 93-0644- R, 1994 WL 782904, at *2 (W.D. Va. July 5, 1994), *aff'd*, 51 F.3d 266 (4th Cir. 1995) (finding that except when there is an established norm, the court is required to rely on expert testimony to determine what the safety standard is in a design defect case); *Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 420 (4th Cir. 1993) (requiring expert testimony to determine what safety standards applied to a case); *Nelson v. Commonwealth*, 235 Va. 228, 368 S.E.2d 239, 245 (Va. 1988) (stating that the "standard of care properly should have been the subject of expert testimony because the trier of fact is not permitted to speculate as to the professional standard against which to measure the reasonableness" of defendant's actions or inaction).

*Sandow-Pajewski,* 55 F. Supp. 2d at 426 (*emphasis added*).

Similarly, in *Logan v. Montgomery-Ward & Co., Inc.,* 216 Va. 425, 219 S.E.2d 685 (1975), the Supreme Court of Virginia affirmed a motion to strike the plaintiff's evidence and entered summary judgment for the defendants on claims alleging that defects in a stove caused an explosion which injured the plaintiff. The Supreme Court noted that the plaintiff had introduced no expert testimony regarding the nature of the alleged defect in the stove, nor was there any expert evidence to rule out other potential causes of the explosion, such as improper installation. *Logan, 216 Va. at 428; 219 S.E.2d 687.* Specifically, the Court noted that:

> The damaged stove...was never subjected to an examination by any expert knowledgeable in the manufacture, mechanical operation and installation of gas ranges. Without such examination, designed to elicit the cause of the explosion, and without the range itself, appellant was handicapped in her effort to prove, directly or inferentially, a case of negligence or breach of warranty.

*Id.*

While this case does not involve personal injuries, the reasons for requiring expert testimony in the products liability context apply even where the claim relates solely to the

Law

alleged sub-par performance of a product. Plaintiff cannot simply testify that his Engine required some repairs during the warranty period, that he is concerned he might have to seek further repairs in the future, and expect to recover. At the very least, Plaintiff must present evidence from someone with specialized knowledge (i) that there is actually a defect in the design or manufacture of the Engine; (ii) that Plaintiff's problems with the Engine did not result from something other than a manufacturing or design defect; (iii) that Caterpillar's efforts to repair the Engine during the warranty period were somehow not sufficient; and (iv) that the Engine remains defective.[2] Plaintiff also requires someone with specialized knowledge in the valuation of dump trucks to put forth any evidence of damages. *See, infra, at Section III.* Absent such testimony from an expert, Plaintiff simply cannot prove a prima facie case that Caterpillar breached its Warranty. Thus, the case should be dismissed with prejudice.

### III. Plaintiff Has Not Produced Any Evidence To Support a Claim for Damages.

Caterpillar served Interrogatories and Requests for Production of Documents on Plaintiff on June 22, 2010. Plaintiff served his handwritten responses to Caterpillar's Interrogatories on July 30, 2010, well after they were due under the Local Rules.[3] A copy of Plaintiff's Answers to Interrogatories is attached as ExhibitD.

Plaintiff's Answers to Interrogatories do not provide any real substantive information, as they do not even identify the alleged defects in the Engine or identify particular types of repairs

---

[2] Plaintiff's failure to identify any expert also means that Caterpillar's expert's proffered opinions are essentially uncontested. A copy of Caterpillar's expert disclosure and the expert report of Troy Guidotti, which were served on plaintiff's counsel on August 11, 2010, is attached as Exhibit C. Mr. Guidotti's report avers that the Engine contains no apparent defect, that repairs were properly performed by authorized Caterpillar facilities pursuant to the Warranty, and that "at least some of these repairs may have been necessitated by the engine being run low on oil." *Ex. C.* Plaintiff has done nothing to contradict these opinions.

[3] Plaintiff's tardiness in responding to Caterpillar's Interrogatories is demonstrative of his general failure to prosecute this case. After several requests from Caterpillar's counsel, Plaintiff finally filed his initial disclosures on July 8, 2010, about one month after the deadline to do so, and Plaintiff did not file any responses to Caterpillar's Request for Production of Documents until after his failure to do so was pointed out during Plaintiff's deposition. Plaintiff never even served any discovery at all upon Caterpillar. In short, since filing this suit, Plaintiff has done the bare minimum to attempt to avoid dismissal for his own default.

and/or specify the dates that certain repairs were performed on the Engine. However, the most glaring omission is in the Plaintiff's Answer to Interrogatory No. 8, which asks Plaintiff to:

> Please itemize, quantify and explain the damages allegedly caused to you by Caterpillar's breaches of warranty as asserted in paragraphs 33 and 34 of your First Amended Complaint.

*Ex. D, p. 8.*

Plaintiff simply did not respond to this Interrogatory. *Id.* Even assuming that Plaintiff could present a prima facie case for breach of warranty (which he cannot), Plaintiff has not produced any evidence which would support his claim for damages. Thus, Plaintiff cannot recover.

The case of *Holz v. Coates Motor Company, Inc.*, 206 Va. 894, 147 S.E.2d 152 (1966) is directly on point. In that case, plaintiff sued an automobile dealership for breach of warranty for the alleged inability of the dealership to repair certain alleged defects in a car that plaintiff purchased from the dealer. The trial court struck the plaintiff's evidence for failure to establish damages, and the Supreme Court of Virginia affirmed. In so holding, the Supreme Court noted:

> Plaintiff introduced no evidence to show the difference in the value of the car with the defects warranted against and its value without the defects, but he argues that he was entitled to recover the amount of the purchase price and financing costs because the car was no good to him.
>
> ....
>
> Plaintiff elected to bring this action at law to recover damages for breach of express and implied warranties and the case was tried in the court below in that posture.
>
> The rule is well established that the measure of damages for breach of warranty on a sale of personalty is the difference between the value of the article sold with the defect warranted against and the value it would have borne without the defect. [*citations omitted*]....

> The burden was on the plaintiff to prove his damages with reasonable certainty, but proof of absolute certainty is not required when the facts and circumstances proven are such as to permit an intelligent and probable estimate of the amount of the damages or loss sustained. [*citations omitted*]. However, **when the amount of damages is left to conjecture or speculation, there can be no recovery therefor.** [*citation omitted*].
>
> ....
>
> The jury's verdict awarding damages against Chrysler was purely speculative. There was no evidence to establish the difference between the value of the car with the defects warranted against and its value without the defects. Hence there was nothing before the jury to permit it to form an intelligent and probable estimate of the loss sustained. Plaintiff failed to prove the amount of his damages against either defendant and the trial court was correct in setting aside the verdict against Chrysler and entering judgment in its favor and in entering judgment for Coates on the jury's verdict.

*Holz*, 206 Va. at 896-98; 47 S.E.2d at 154-56 (*emphasis added*).

As set forth in previous sections of this Memorandum, Plaintiff has not identified any experts to address the alleged loss of value resulting from any alleged defects in the Engine. Nor has Plaintiff even attempted to set forth such values on his own. Simply put, if Plaintiff cannot even state a claim for damages in his Answers to Interrogatories, then he will not be able to put on any legitimate evidence of damages at trial. Any verdict in Plaintiff's favor would be based purely on conjecture and speculation. Absent some evidence of damages, Plaintiff's case fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment in favor of Caterpillar and dismiss Plaintiff's case with prejudice.

                        CATERPILLAR INC.

                        By:_____/s/_____
                              Of Counsel

W. F. Drewry Gallalee (Virginia Bar No. 20561)
Harold E. Johnson (Virginia Bar No. 65591)
WILLIAMS MULLEN
1021 East Cary Street, P. O. Box 1320
Richmond, Virginia 23218-1320
804.783.6442
804.783.6507 (fax)
dgallalee@williamsmullen.com
hjohnson@williamsmullen.com

and

ERIC L. LUNDT
Florida Bar No.: 0861715
SEDGWICK, DETERT, MORAN & ARNOLD LLP
2400 East Commercial Boulevard, Suite 1100
Fort Lauderdale, FL 33308
Telephone:   (954) 958-2500
Facsimile:   (954) 958-2513
Eric.lundt@sdma.com
*Counsel for Caterpillar Inc.*

## CERTIFICATE

I hereby certify that on August 13, 2010, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Richard Ferris, Esq.
    FerrisBowman, PLLC
    530 E. Main St. Suite 710
    Richmond, VA 23219
    Telephone: 804.767.1800
    Facsimile: 888.251.6228
    Email: rwferris@ferrisbowman.com

    Travis I. McCoy, Esquire
    Kahn & Associates, L.L.C.
    700 East Main Street, Suite 1600
    Richmond, VA 23219
    (888) 536-6671 (Phone)
    (888) 868-6671 (Fax)
    tmccoy@kahnandassociates.com
    jcholley@kahnandassociates.com
    *Counsel for Plaintiff*

    By: _____/s/_____
                Of Counsel

W. F. Drewry Gallalee, Esq. (VSB No. 20561)
Harold E. Johnson, Esq. (VSB No. 65591)
Williams Mullen
1021 East Cary Street
P. O. Box 1320
Richmond, VA 23218-1320
(804) 783-6460; (804) 783-6507 (Fax)
dgallalee@williamsmullen.com
hjohnson@williamsmullen.com

7622247_1.DOC

13